IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

VICTORIA BOATENG : 
: 
: Civil No. CCB-09-1858
v. : Criminal No. CCB-05-0422
: 
: 
UNITED STATES OF AMERICA : 
: 

## MEMORANDUM

Now pending is a petition to vacate, set-aside, or correct sentence pursuant to 28 U.S.C. § 2255 filed by Victoria Boateng. On September 15, 2005, a grand jury in the District of Maryland indicted Ms. Boateng for conspiracy to import one or more kilograms of heroin and conspiracy to distribute and possess one or more kilograms of heroin. Ms. Boateng moved to suppress the evidence against her. The court heard evidence on the suppression motion and issued an order denying the motion on January 13, 2006. The court then held a jury trial at which Ms. Boateng and her co-defendant, Godfrey Bonsu, were represented by separate counsel. After five days of evidence, the jury returned a verdict of guilty for both defendants as to both counts. The court subsequently sentenced Ms. Boateng to a term of imprisonment of 135 months. Ms. Boateng and Mr. Bonsu appealed their convictions and sentences to the Fourth Circuit, which affirmed the district court on all grounds. *United States v. Bonsu*, 291 F. App'x 505 (4th Cir. 2008).

Ms. Boateng has now moved for relief under § 2255, alleging she was denied effective assistance of counsel. In a July 5, 2011 order, the court denied most of Ms. Boateng's ineffective assistance of counsel claims on the grounds that they were contradicted by the record.

(ECF No. 130.) Finding that Ms. Boateng's petition raised an issue of fact as to whether she was properly advised about her plea options, the court held an evidentiary hearing on November 22, 2011. For the reasons set forth below, Ms. Boateng's § 2255 petitions will be denied.

## Background

Ms. Boateng moved for § 2255 relief on July 15, 2009, charging that her attorney, Warren Brown, denied her effective assistance of counsel. (ECF No. 103.) Ms. Boateng claimed her counsel was prejudicially ineffective because he did not advise her of her right to enter a guilty plea, failed to adequately prepare for the trial, and did not move for severance of her trial from Mr. Bonsu's trial. The court denied Ms. Boateng's motion as to her claims that counsel was unprepared and should have filed a motion for severance from her co-defendant. The court found, however, that Ms. Boateng's allegation that her counsel did not sufficiently review her plea options raised an issue of fact. The court then appointed counsel to represent Ms. Boateng at an evidentiary hearing on that question.[1]

At the hearing, the court heard testimony from Ms. Boateng; her former attorney, Mr. Brown; and the prosecuting attorney on the case, James Warwick. Ms. Boateng testified that Mr. Brown never told her about the option of entering a guilty plea and that she only learned about the concept of a guilty plea from another inmate. (T. at 16-18.) According to Ms. Boateng, Mr. Brown never told her about the possibility of cooperating with the government or explained the concept of a safety valve or the operation of the Sentencing Guidelines. (T. at 16, 18-19, 28.)

---

[1] "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall ... grant a prompt hearing thereon, determine the issues, and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). An evidentiary hearing is required when a petitioner presents a colorable Sixth Amendment claim showing disputed material facts and a credibility determination is necessary to resolve the issue. *See United States v. Witherspoon*, 231 F.3d 923, 925-27 (4th Cir. 2000); *Raines v. United States*, 423 F.2d 526, 530 (4th Cir. 1970).

Ms. Boateng testified that she admitted to Mr. Brown that she was involved with one of the alleged incidents of drug possession. (T. at 23-24, 29.) Ms. Boateng also claimed she would have entered a guilty plea had her counsel properly advised her. (T. at 22.)[2]

Mr. Brown's testimony directly contradicted Ms. Boateng's account. Mr. Brown testified that he explained to Ms. Boateng the benefit of taking a plea and advised her to cooperate with the government. (T. at 50.) Mr. Brown stated that Ms. Boateng was "vehement" about her total innocence and "never had any ambiguity" in her complete refusal to take responsibility or cooperate with the government. (T. at 51-52.) Mr. Brown testified that, contrary to Ms. Boateng's assertions, she never admitted any criminal wrongdoing to him. (T. at 57.) Mr. Warwick then testified that Mr. Brown told him on several occasions prior to the trial that his client had refused to consider cooperation or a guilty plea. (T. at 89-91.)

## Discussion

As noted, the court has already ruled on several of Ms. Boateng's ineffective assistance claims. At issue now are Ms. Boateng's allegations that her attorney denied her advice and information about the option of pleading guilty.

To sustain a claim for ineffective assistance, a petitioner must satisfy the two prong test set forth by the Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 687 (1984). First, the petitioner must show trial counsel's performance fell below "an objective standard of reasonableness." *Id.* at 687-91. Specifically, the petitioner must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. In evaluating such conduct, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. To satisfy the second

---

[2] Ms. Boateng also presented arguments in support of her § 2255 petition in post-hearing memoranda, which the court has reviewed. (ECF Nos. 142 and 150.)

prong of the *Strickland* test, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

While this case was pending, the Supreme Court held in *Lafler v. Cooper*, 566 U.S. __, 2012 WL 932019 (March 21, 2012), and *Missouri v. Frye*, 566 U.S. __, 2012 WL 932020 (March 21, 2012), that a defendant's Sixth Amendment right to effective assistance of counsel applies during the plea negotiation process. The Court reaffirmed that "claims of ineffective assistance of counsel in the plea bargain context are governed by the two-part test set forth in *Strickland*." *Missouri*, 2012 WL 932020 *5 (citing *Hill v. Lockhart,* 474 U.S. 52, 57 (1985)). Moreover, the Court held that "[b]ecause ours is for the most part a system of pleas, not a system of trials, it is insufficient simply to point to the guarantee of a fair trial as a backstop that inoculates any errors in the pretrial process." *Missouri*, 2012 WL 932020 *6 (internal citations and quotations omitted). The Court then set forth the test for defendants seeking habeas relief on the grounds of ineffective assistance at the plea stage. *See Lafler*, 2012 WL 932019 *5 ("[A] defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court . . . , that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.").

The *Lafler* test, however, does not require relief in this instance because the court does not find Ms. Boateng's testimony about her attorney's performance to be credible. The court finds Mr. Brown's testimony that he advised Ms. Boateng about the options of pleading and cooperating to be more credible than Ms. Boateng's contrary assertion.[3] Likewise, the court credits Mr. Brown's testimony that Ms. Boateng denied all wrongdoing. Even at the hearing,

---
[3] Mr. Brown is a long-time Maryland defense attorney. (T. at 39-40.)

Ms. Boateng's testimony was inconsistent, as she first testified that Mr. Brown never told her about pleading guilty and then testified that he advised her to plead guilty for something she did not do. (T. at 16-18, 28.) Moreover, the court notes that Ms. Boateng wrote a letter to the court protesting her innocence, but now claims she was involved with some of the charged conduct and that she disclosed this to her attorney. (T. at 33, Govt's Exh. 1.) Mr. Brown's testimony is subject to no such doubt. Thus, the court concludes that Ms. Boateng has failed to demonstrate that her attorney's performance fell below an objective standard of reasonableness in any manner. *See, e.g., United States v. Ferguson*, 2011 WL 2792383 *3-4 (D.S.C. 2011) *appeal dismissed,* 2012 WL 432834 (4th Cir. 2012) (rejecting an ineffective assistance of counsel claim on credibility grounds after an evidentiary hearing); *Matthews v. United States*, 514 F. Supp. 2d 827, 835-37 (E.D. Va. 2007) *aff'd*, 384 F. App'x 214 (4th Cir. 2010) (denying habeas relief on credibility grounds after evidentiary hearing); *United States v. Martin*, 454 F. Supp.2d 278, 285 (E.D. Pa. 2006) (granting evidentiary hearing on an ineffective assistance of counsel claim), 2007 WL 1181018 *3 (E.D. Pa. 2007) (denying habeas claim after evidentiary hearing on the grounds that the petitioner failed to show his attorney was ineffective).[4]

*Certificate of Appealability*

A prisoner seeking a motion to vacate under § 2255 is not automatically entitled to appeal a district court's denial of the motion. 28 U.S.C. § 2253(c)(1)(B). An appeal may only be taken from a final order in a proceeding under § 2255 if "a circuit justice or judge issues a certificate of appealability." *Id.* A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). To make the necessary showing, the petitioner "must demonstrate that reasonable jurists would find the

---

[4] Unpublished opinions are not binding and are cited only for their reasoning.

district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke,* 542 U.S. 274, 282 (2004) (*quoting Slack v. McDaniel,* 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003) (internal quotations omitted). Ms. Boateng has not made the requisite showing for this court to issue a certificate of appealability.

In summary, Ms. Boateng has failed to show any grounds for relief under 28 U.S.C. § 2255. A separate order follows.


April 4, 2012 /S/
Date Catherine C. Blake
United States District Judge